UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RYAN BRANDT
and all others similarly situated                                                                                   PLAINTIFF

v.                                         No. 5:21-CV-05232

TOWNSHIP PROVISIONS, LLC
*doing business as* Oven & Tap                                                                                   DEFENDANT

## OPINION AND ORDER

Before the Court is the parties' joint motion (Doc. 34) for protective order and proposed protective order.  The parties seek protection of the following: competitively sensitive information; employee names of persons not a party to this action and private personnel records; payroll, wage, and salary information; customer lists; trade secrets; proprietary information; non-public information provided to or received in confidence from third parties; financial information, personal information, private social media posts, tax records, social security numbers, and/or any other document or information that the parties mutually agree should be considered confidential for purposes of this Protective Order.  For the reasons set forth below, the Court will GRANT the motion and enter a revised protective order.

Federal Rule of Civil Procedure 26(c)(1)(G) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "requiring that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a specific way."  "The burden is therefore upon the movant to show the necessity of its issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (citing Wright &

1

Miller, *Federal Practice and Procedure: Civil* § 2035 at 264-65).

The parties have shown good cause for the entry of a protective order as to documents containing confidential and/or proprietary information. Trade secrets and other confidential commercial information fall squarely within the ambit of Rule 26(c). "Where discovery of confidential commercial information is involved, the court must 'balance the risk of disclosure to competitors against the risk that a protective order will impair prosecution or defense of the claims.'" *Bussing v. COR Clearing, LLC*, No. 12CV238, 2015 WL 4077993, at *2 (D. Neb. July 6, 2015) (quoting *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 555 (C.D. Cal. 2007)). Here, entry of a protective order will impair neither prosecution nor the defense of the claims because the parties are in agreement as to the proposed protective order. The Court finds that good cause has been shown for the entry of a protective order regarding documents containing trade secrets or other confidential commercial information.

The proposed protective order also includes employment records or information. Courts routinely protect employee personnel files. *See Kampfe v. Petsmart, Inc.*, 304 F.R.D. 554, 559 (N.D. Iowa 2015); *see also Nuckles v. Wal-Mart Stores, Inc.*, No. 06CV00178, 2007 WL 1381651, at *1 (E.D. Ark. May 10, 2007); *Williams v. Bd. of Cnty. Comm'rs*, No. 98-2485, 2000 WL 133433, at *1 (D. Kan. Jan. 21, 2000) (holding that "personnel files and records are confidential in nature and that, in most circumstances, they should be protected from wide dissemination"). The Court finds that good cause has been shown for entry of a protective order regarding documents employment records or information.

The parties request private social media posts be subject to the protective order. However, the parties have failed to demonstrate the necessity of a protective order encompassing private social media posts, and the Court will modify the protective order to exclude private social media

posts.

The Court will separately enter a revised protective order which contains several revisions. The amended order will comply with the Court's standard procedure for filing documents under seal, clarify that parties may retain protected material as required by law, regulation, or other order, will not permit the parties to amend the order or designate other documents or information as confidential without further order of the Court, and clarify that the protective order does not govern use of protected material at trial.

IT IS SO ORDERED this 2nd day of August, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE